**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4267

DAVID A. RAMEY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-95-126)

Submitted: October 8, 1999

Decided: November 4, 1999

Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Kennett, Jr., Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Anthony P. Giorno, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David A. Ramey, Jr., appeals his conviction for two counts of distribution of cocaine base in violation of 21 U.S.C.§ 841(a)(1) (1994). On appeal, Ramey contends that the twenty-two month delay between the date the indictment was returned and his arrest violated his Sixth Amendment right to a speedy trial. Ramey also contends that the eighteen month delay between the date of the two incidents of drug distribution and the return of the indictment prejudiced his defense. Finding no reversible error, we affirm.

We find there was no Sixth Amendment violation. The delay between the date the indictment was returned and Ramey's arrest was long enough to trigger the speedy trial analysis set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972). See Doggett v. United States, 505 U.S. 647, 651-52 (1992). While it appears that the Government did not aggressively seek Ramey's arrest after he moved to Pennsylvania, there was no evidence or suggestion that the Government was in possession of information as to Ramey's whereabouts that it disregarded. On the other hand, by waiting several months after learning at the indictment to assert his Sixth Amendment right, Ramey was himself dilatory. Finally, Ramey failed to show how he was prejudiced by the delay. See Barker, 407 U.S. at 530. This factor was highly significant because none of the remaining factors weighed strongly against the Government. Accordingly, we find no infringement of Ramey's right to a speedy trial.

We also find that the delay between the distribution incidents and the return of the indictment did not violate Ramey's right to due process. Ramey's failure to show how he was actually prejudiced by the delay was singularly dispositive of this claim. See Jones v. Angelone, 94 F.3d 900, 905-06 (4th Cir. 1996).

Accordingly, we affirm the district court's judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

2